UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN KING,

    Plaintiff,

v.                                  Case No:  6:16-cv-2246-Orl-DNF

NANCY BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, Kathleen King, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DBI"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful

employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair

record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

On May 6, 2010, Plaintiff filed a Title II application for DIB alleging a disability onset date of October 31, 2009. (Tr. 252-53). On February 23, 2011, Plaintiff filed a Title XVI application for SSI alleging the same onset date. (Tr. 256-65). Plaintiff's applications were denied at the initial and reconsideration levels. (Tr. 127, 128, 158, 161-62). Plaintiff requested an administrative hearing and, on February 2, 2012, a hearing was held before Administrative Law Judge D. Kevin Dugan. (Tr. 95-124). On April 19, 2012, ALJ Dugan entered a decision finding that Plaintiff was not disabled. (Tr. 129-49). Plaintiff requested review of ALJ Dugan's decision and, on October 9, 2013, the Appeals Council entered a remand order. (Tr. 150-54).

On July 23, 2015, a second administrative hearing was held, this time before Administrative Law Judge M. Dwight Evans ("the ALJ"). On January 29, 2016, the ALJ entered an administrative decision finding that Plaintiff was not disabled. (Tr. 20-47). Plaintiff requested review of the ALJ's decision and, on November 18, 2016, the Appeals Council denied Plaintiff's request for review. (Tr. 1-4). Plaintiff commenced the instant action by Complaint (Doc. 1) on December 30, 2016. The parties having filed a joint memorandum on August 10, 2017, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2009, the alleged onset date. (Tr. 26). At step two, the ALJ found that Plaintiff had a single severe impairment: knee pain. (Tr. 26). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 29).

Before proceeding to step four, the ALJ formulated Plaintiff's residual functional capacity ("RFC"). (Tr. 29). The ALJ's decision contains two RFC findings. (Tr. 29). The first finding provides that Plaintiff has the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, the evidence supports that the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk for 6 hours total in an 8-hour workday and sit for 6 hours during an 8-hour workday with unlimited pushing/pulling. She can frequently climb, balance, stoop, kneel, crouch and crawl. No mental limitations are established.

(Tr. 29). The second finding is identical to the first, but has the additional limitations that

> [f]urther, she is able to understand, remember, and carry out simple tasks and instructions; limited to work that requires occasional interaction with the public, co-workers, supervisors, and others. She is able to concentrate and persist for simple instructions in 2-hour segments.

(Tr. 29). The ALJ provided no explanation for making two RFC findings. (Tr. 29).

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a home health aide as this work does not preclude the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 38). Despite this finding, the ALJ proceeded to step five and made alternative findings. Relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in

significant numbers in the national economy that Plaintiff can perform. (Tr. 38). Specifically, the ALJ found that Plaintiff was capable of performing such jobs as hand packager, linen-room attendant, and industrial cleaner. (Tr. 38-39). The ALJ concluded that Plaintiff was not under a disability from October 31, 2009, through the date of the decision, February 3, 2016. (Tr. 39-40).

**II. Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by making two RFC determinations; and (2) whether the ALJ erred by improperly evaluating the evidence. The Court begins with the first raised issue.

Noting that the ALJ's decision contained two different RFC findings that each conflict with different portions of the ALJ's decision, Plaintiff contends that remand is necessary because a reviewing court cannot adequately follow the ALJ's rationale to determine whether the opinion is supported by substantial evidence. (Doc. 20 p. 21). In response, Defendant argues that remand is inappropriate because under either RFC, Plaintiff is capable of engaging in full-time work available in the national economy. (Doc. 20 p. 22).

A claimant's RFC is the **most** she can still do despite her limitations, based on an evaluation of all relevant evidence in the record. *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1), (a)(3), 416.920(e), 404.945(a)(1) (emphasis added). Thus, by the very definition of RFC, a claimant cannot have more than one. Yet, in this case, as Plaintiff notes and Defendant does not challenge, the ALJ's decision contains two RFC findings. The ALJ provides no explanation for his decision containing two RFC findings. Further, it is not obvious upon review that one of the RFC findings is the ALJ's actual finding, and that the other was included only accidentally as some type of drafting mistake. As Plaintiff notes, the first RFC, which contained no limitations for any mental impairments, conflicts with the ALJ's decision to give great weight to the opinion of Nancy

MacKay, Psy.D., who assessed mental limitations. Likewise, the second RFC, which did contain mental limitations, conflicted with the ALJ's finding at step two that Plaintiff's mental impairments were nonsevere and step four finding that Plaintiff could return to her past relevant work.

Finally, the Court rejects Defendant's argument that remand is unnecessary because substantial evidence supports the ALJ's finding that Plaintiff is capable of engaging in full-time work available in the national economy. Here, the Court finds it necessary to remand this case because the ALJ failed to provide sufficient reasoning to allow this Court to determine whether a proper legal analysis was conducted. *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (providing that the Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."). Due to the confusing and inconsistent nature of the ALJ's decision, it would be improper to affirm the denial of Plaintiff's claim for disability benefits.

### III. Conclusion

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 9, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties