UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN M. KING,

    Plaintiff,

v.                                                Case No.:  6:16-cv-2246-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

This cause is before the Court on the Opposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b). (Doc. 28). Attorney Bradley K. Boyd requests fees in the amount of $12,403.50. (Doc. 28, p. 3). The Commissioner filed a Response asserting that Plaintiff's fee calculation is incorrect and the correct amount is $12,133.50. (Doc. 31, p. 1-2). For the following reasons, the Court grants the motion in part.

On March 9, 2018, the Court entered an Opinion and Order, reversing the decision of the Commissioner and remanding the action for further proceedings. (Doc. 22). Judgment was entered on March 12, 2018. (Doc. 23). The Court later awarded $5,147.10 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 25). Attorney Boyd now seeks additional fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits. (Doc. 28).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. Still, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht*, 535 U.S. at 796). Alternatively, an "attorney may choose to effectuate the refund by deducting the amount of an earlier

EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht*, 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in determining reasonableness. *Id*.

First, the Court reviewed the Attorney Employment Contract (Doc. 28-3). In the Agreement, if awarded past-due benefits, Plaintiff agreed to pay 25% of these benefits to Attorney Boyd. (Doc. 28-3). The Agreement comports with 42 U.S.C. § 406(b) and therefore the Court finds this agreement is reasonable. Second, the Court considered whether counsel delayed this action. The Court finds no delay. Third, the Court considered whether the benefits are large in comparison to the time counsel spent on this case. Along with this Motion, the Court reviewed: (1) the number of hours counsel expended and the hourly rates (Doc. 28-4); and (2) the Social Security Administration's October 5, 2022 letter (Doc. 28-2). After consideration of these documents, the Court finds the fees requested by counsel are reasonable.

The problem is with the calculation of fees. Specifically, Attorney Boyd requests an award of $12,403.50, which consists of $16,095.50 (25% of past due benefits) less $3,869.99 (allegedly previously received 42 U.S.C. § 406(a) fees). (Doc. 28, p. 2). This calculation is incorrect. When subtracting $3,869.99 from $16,095.50, the result is $12,225.51. In addition, to this calculation being incorrect, according to the Commissioner's attachment, the § 406(a) fee amount was actually $3,962.00, not $3,869.99. (Doc. 31-1, p. 9). Thus, the correct calculation is: $16,095.50 - $3,962.00 = $12,133.50. The Court finds this fee reasonable.

Accordingly, it is hereby **ORDERED**:

(1) The Opposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b) is **GRANTED in part** and the Court awards § 406(b) fees in the amount of $12,133.50. Upon receipt of these funds by Attorney Boyd, the Court directs him to remit the EAJA fees received, totaling $5,147.10 to Plaintiff.

(2) The Clerk of Court is directed to enter an Amended Judgment awarding $12,133.50 in attorney fees.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record/Unrepresented Parties